```
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF FLORIDA

                          CASE NO. 16-22048-Civ-COOKE
                                 (12-20115-Cr-COOKE)
                          MAGISTRATE JUDGE P. A. WHITE
```

THERESA LASHANDE MCCLOVER,

        Movant,
v.                                    REPORT OF MAGISTRATE
                                                   JUDGE ON MOTION
UNITED STATES OF AMERICA,             FOR VOLUNTARY DISMISSAL

        Respondent.
_____/

      This matter is before the Court on the movant's _pro se_ motion to vacate pursuant to 28 U.S.C. §2255, attacking the constitutionality of her conviction and sentence entered following a guilty plea in case no. 12-20115-Cr-Cooke.

      In her motion, the movant argues that her career offender enhancement under the United States Sentencing Guideline and her 18 U.S.C. §924(c) conviction are invalid pursuant to _Johnson v. United States_, ___ U.S. ___, 135 S.Ct. 2551 (2015). (Cv-DE#1).

      The record in the underlying criminal case reveals that the movant's amended judgment, following entry of a guilty plea, was entered on the docket on July 1, 2013. (Cr-DE#463). No direct appeal was filed. Thus, movant's convictions and sentences became final at the latest, on July 15, 2013, fourteen days after the entry of the judgment, when the time expired for filing a notice of appeal.[1]

---

[1] Where, as here, a defendant does not pursue a direct appeal, her conviction becomes final when the time for filing a direct appeal expires. _Adams v. United States_, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). In 2009, the time for filing a direct appeal was increased from 10 to 14 days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(i). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed.R.App.P. 4(b)(6). Moreover, now every day, including intermediate Saturdays,

The movant returned to this court on June 2, 2016, filing the instant pro se motion to vacate pursuant to 28 U.S.C. §2255 claiming that in light of Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551 (2015), she is entitled to a reduction in her sentence.[2] (Cv-DE#1). From the date that movant's conviction and sentence became final on July 15, 2013, to June 2, 2016, two and a half years passed.

On June 10, 2016, the Court appointed the Federal Public Defender's Office to represent the movant at all further stages of the proceeding and ordered appointed counsel to file a reply within 10 days of the government's response if the government disputed the movant's entitlement to the requested sentence reduction. (Cv-DE#4).

Subsequently, the government filed a response in opposition to the movant's §2255 motion to vacate, arguing that her claims lack merit because the career offender enhancement, which was based on two prior narcotics convictions, is unaffected by Johnson, supra, and her 18 U.S.C. §924(c) conviction is still valid because conspiracy to possess with intent to distribute narcotics is still a proper predicate offense under 18 U.S.C. §924(c).

Following the government's response, on July 8, 2016, the movant filed a motion to withdraw the §2255 motion to vacate sentence and to re-caption the pleading as a letter requesting the appointment of counsel. (Cv-DE#8). In the motion to withdraw, movant's counsel explained that after reviewing the case file and

---

Sundays, and legal holidays are included in the computation. See Fed.R.App.P. 26(a)(1).

[2]"Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).

PSI, he determined and confirmed with movant that <u>Johnson</u>, <u>supra</u>, was not applicable to her case since her 21 U.S.C. §924(c) conviction and career offender enhancement were both predicated on drug offenses rather than on offenses determined to be crimes of violence under 21 U.S.C. §924(c) or the residual clause of the career offender guideline.

Accordingly, as a matter of fundamental fairness, counsel has filed a motion to withdraw the §2255 motion to vacate since the movant, who was initially proceeding <u>pro se</u>, did not understand the implication of <u>Johnson</u>, <u>supra</u>, or of her filing being construed as her initial 28 U.S.C. §2255 motion, in which she would need to include all possible claims or risk waiving them and also have to seek leave from the Eleventh Circuit to file a second or successive 28 U.S.C. §2255 motion. Movant's motion to withdraw the §2255 motion to vacate and to re-caption it as a letter requesting the appointment of counsel will be construed as a motion for voluntary dismissal of this §2255 proceeding.

Because dismissal of this motion does not waive the one year statute of limitations established by 28 U.S.C. §2244(d) or other procedural defenses which may apply to any future motion to vacate, the movant is cautioned that dismissal of this motion to vacate may not guarantee federal consideration of her claims should she re-file another motion at a later time. That is because dismissal of this motion does not preclude application of the one year statute of limitations established by 28 U.S.C. §2244(d) or other procedural defenses which may apply to any future motion to vacate.

For the foregoing reasons, it is recommended that the movant's motion for voluntary dismissal (Cv-DE#8) be **GRANTED,** and that the motion to vacate be dismissed, *without prejudice, except as to any*

3

*application of the federal statute of limitations or other procedural defenses which may apply.*

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. IF MOVANT, UPON CONSIDERING THE INFORMATION IN THIS REPORT, DECIDES SHE DOES NOT WISH TO DISMISS THIS CASE BUT INSTEAD WISHES TO GO FORWARD WITH THIS MOTION, SHE SHOULD SAY SO <u>PROMPTLY</u> IN OBJECTIONS TO THIS REPORT.

Signed 22nd day of July, 2016.

UNITED STATES MAGISTRATE JUDGE

cc:  Theresa Lashande McClover
     84111-004
     Coleman Federal Correctional Complex-Camp
     Inmate Mail/Parcels
     P.O. Box 1027
     Coleman, FL 33521-1027

     Ian McDonald, Attorney for Movant
     Federal Public Defender
     150 West Flagler Street, Suite 1700
     Miami, FL 33130
     Email: ian_mcdonald@fd.org

     Cristina V. Maxwell
     United States Attorney's Office
     HIDTA
     11200 NW 20 Street
     Miami, FL 33172
     Email: cristina.maxwell@usdoj.gov

     Betty Rodriguez, Deputy Clerk